SANFORD *against* DICK and others.

Where the certificate of a district school committee annexed to a rate-bill of that district, stated what the tax was, and when and for what purpose it was laid; and the recorded vote of the district laying the tax, which was open to public inspection, specified the list on which it was laid; it was held, that such rate-bill was not invalid because it did not show on what list the tax was laid.

Notice given by the district committee of the time and place of the meeting of the assessors and society's committee, for the purpose of equalizing and adjusting the list of estate within the district, pursuant to the provisions of the 10th section of the statute of 1839 relating to schools, is sufficient notice within that statute.

Where *A*, the owner of several buildings and two acres of land within the school district, and of six acres without, gave in his list to the assessors of the town, in which he put down his houses, but said nothing of any house-lot, or other land than six acres; the assessors being called out, pursuant to the 10th section of the statute of 1839, assessed said two acres, supposing it to be a part of said six acres, whereas it was in fact attached to one of said buildings, as a house-lot; but it did not appear, that the assessors, in their original assessment, knew of this lot, or considered it in their valuation; it was held, 1. that *A*, by so putting his dwelling-house into the list, did not necessarily include the house-lot; 2. that if otherwise, *A* had not been injured, by the assessment last made; 3. that if otherwise, it was the result of his own negligence or fraud, and he had nothing to complain of.

Where the proceedings of assessors and board of relief are within the limits of their jurisdiction, omissions or mistakes in the assessment lists of persons who make no complaint, will not render the rate-bill and warrant void, in relation to another person insisting upon their illegality.

THIS was an action of trespass against *John Dick, Anthony Wygant* and *Ezra Patch*, for taking a quantity of satinet warps belonging to the plaintiff. The defendants pleaded, severally, *Not guilty*, with notice of a justification.

The cause was tried at *Danbury, September* term, 1842, before *Waite*, J.

The taking of the goods specified in the declaration, was admitted by the defendants. For their justification they relied upon certain proceedings in the *Sandy Hook* school district in *Newtown*, in the laying and collection of taxes. They first offered in evidence the following votes of that school district—1. One, passed *October* 3rd, 1839: "Voted, that a tax of 15 cents on the dollar be laid, for the purposes of paying for the site, and for erecting a school-house, and furnishing said house with all necessary appendages; said taxes to be laid on the next perfected list, and to be made payable on

HARVARD LAW LIBRARY

*Fairfield,*
*June, 1843.*

Sanford
*v.*
Dick.

the 1st of *May,* 1840." 2. Another, passed *August* 25th, 1840 : " Voted, that an additional tax of 10 cents on the dollar, on the last perfected list, *viz.* of 1839, be laid, for the purpose of defraying, in part, the expense of building the new school-house and its appendages." 3. Another, passed *September* 4th, 1840 : " Voted, that the 10 *per cent* tax laid at the last meeting, be payable on the 29th of *September,* 1840."

The defendants then offered in evidence a rate-bill of these taxes, the warrant annexed thereto, and the return of the collector, together with the general assessment list of the town of *Newtown,* and the assessment list of the *Sandy Hook* school district, made out by the assessors and school society committee, constituting a board of relief under the statute. To the rate-bill was annexed the following certificate : " We hereby certify, that we have made out a tax of 15 cents on the dollar, laid by the school district of *Sandy Hook,* included in the school society and town of *Newtown,* on the 3rd of *October,* 1839, and a tax of 10 cents on the dollar, laid by said district, on the 25th of *August,* 1840, for the purpose of building a school-house, &c., as directed by said district ; which said taxes are herein made out and contained, as the law, in such cases made and provided, directs. Done and dated, this 29th day of *September,* 1840, at *Newtown, Sandy Hook* school district. [Signed.]

*John Dick,*  }  District committee
*Ezra Patch,*  }  of *Sandy Hook*
*Anthony Wygant,*  }  school district."

The warrant was directed to *Ezra Patch,* collector of taxes in *Sandy Hook* school district, and referred to the taxes of 15 and 10 cents on the dollar, granted by said district, on the 3rd of *October,* 1839, and 25th of *August,* 1840.

It was admitted, that the plaintiff and the defendants were inhabitants of said school district, and liable to pay taxes therein ; that the defendants were the committee of the district ; that *Patch* was a collector of taxes therein ; that *Dick* was a justice of the peace for the county of *Fairfield ;* and that the plaintiff was the clerk of the district when said votes were passed, and so continued until after the taking of his property as mentioned in the declaration.

To the admission of the rate-bill and warrant in evidence the plaintiff objected, on the ground that it did not appear

from them upon what assessment list the rate-bill was made. But it was proved, and not denied by the plaintiff, that it was in fact made from the assessment list of the year 1839; and it was claimed, by the defendants, that it sufficiently appeared from their certificate on the rate-bill, taken in connexion with the votes of the district, that it was so made. The court was of that opinion; and accordingly admitted the evidence offered.

The plaintiff further claimed, that the rate-bill and warrant were illegal and void, because it did not appear from the assessment list made out by the board of relief, that the society's committee had given notice of the time and place of their meeting to attend to the duties of their appointment. The certificate of the board of relief was as follows: " The subscribers, having been sworn as the law directs, and having given due notice of the time and place of our meeting on the business of our appointment as board of relief, hereby certify, that the foregoing additions and abatements on the assessment list of the town of *Newtown*, for *October* 1; 1839," have been made by us. *Newtown*, *February* 15th, 1840." [Signed by the members of the board of relief.] The certificate of the school society's committee and of the assessors, endorsed upon the assessment list, was as follows: " The subscribers, being sworn, and having attended to the business of our appointment, agreeably to the requisitions of the law, in equalizing the list of *Sandy Hook* district, we hereby certify, that the foregoing additions and abatements on the assessment list of property situated and lying in the limits of *Sandy Hook* school district, have been made by us. *Newtown*, *August* 12th, 1840." [Signed by the school society's committee and the assessors.] It was proved, and not denied by the plaintiff, that due notice of the time and place of such meeting was given, by the district committee; and no evidence was introduced, on the part of the plaintiff, to show, that notice had not, in fact, been given, by the society's committee. The defendants claimed, that no other notice was required by the statute, than that given by the district committee; and if notice by the society's committee was required, the law, in the absence of all evidence to the contrary, would infer, that such notice had been given, from the indorsement upon the assessment list. The court decided, that the only

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Sanford
*v.*
Dick.

notice required by the statute, was to be given by the district committee.

The plaintiff further claimed, that the rate-bill and warrant were void, because the assessment list of the district, as made out by the board of relief, was incorrect; and he offered evidence to prove, that land and a dwelling-house in the district, belonging to *James Nichols,* not an inhabitant of the district, was placed in the list at a less rate than three *per cent ;* and that 24 acres of land were added to the list of *John Sanford,* deceased, which were not embraced in the assessment list of the town. But it was neither proved nor claimed, that such errors were designedly made, or that they arose in any other manner than by mere mistake on the part of the board of relief in making out the assessment list of the district. The court decided, that the mere mistake of the board of relief in making out the assessment list of the district, with respect to taxes of persons other than the plaintiff, and in the absence of any fraud, would not render the rate-bill and warrant illegal and void as against the plaintiff.

It appeared, from the assessment list of the district, that the plaintiff was assessed for 2 acres of land lying within the district; and it also appeared from the assessment list of the town, that the plaintiff was assessed for 6 acres of land. It was admitted by the parties, that the plaintiff owned land lying within the district, and also another piece of land lying without. The plaintiff claimed, that the land lying within the district was not placed in the assessment list of the town, and that the land mentioned in that list lay wholly without the district; and to prove this, he offered in evidence the list of his property, made out by himself and delivered to the assessors, and which was kept by him and never lodged in the town-clerk's office, accompanied with evidence that the land therein described lay wholly without the district; and thereupon he claimed, that the rate-bill and warrant were illegal and void, and prayed the court so to instruct the jury. There was no evidence of any intention on the part of the assessors, to omit any portion of the plaintiff's land from the list; but on the contrary, one of them testified, that they supposed the 6 acres included the whole of the plaintiff's land.

The plaintiff further claimed, that he had no land lying within the district, except a tract of about 2 acres, on which

stood one of the dwelling-houses mentioned in the assessment list of the town. But it did not appear from that list, that any land was assessed with the house. He thereupon claimed, that upon this account, the doings of the defendant were illegal and void ; and he prayed the court so to instruct the jury. The court did not so instruct them, but told them, that if the defendants, in making out the rate-bill, found, that the plaintiff was assessed for 6 acres of land on the assessment list of the town, and no more ; and that no land was assessed with the plaintiff's dwelling houses ; and it did not appear, from the assessment list, that the 6 acres assessed did not comprehend the whole of the plaintiff's land lying in the town, they had a right to presume, that it comprehended all his land ; and if, in consequence, they caused that portion of the plaintiff's land lying within the district to be assessed as a part of the land assessed on the list of the town, it would not render their rate-bill void.

The plaintiff further claimed, that the defendants, in making out the rate-bill, included in the list of *Daniel Conolly,* an inhabitant of the district, a tract of land contained in the assessment list of the town which lay wholly without the district. But it was proved, by the testimony of *Conolly,* that after he had discovered the error in his tax, he informed the defendants of it, and they abated from his tax the amount which he had been illegally taxed. And there was no evidence that this error did not arise entirely by mistake, on the part of the defendants, and without any design to make a rate-bill which was not correct. The plaintiff claimed, that this error rendered the rate-bill and warrant void, and prayed the court so to instruct the jury. The court did not so instruct them.

The plaintiff further claimed, that the district assessment was illegal and void, upon the ground that it did not appear from the assessment list of the district, that the lands of non-resident proprietors embraced in the assessment, consisted of lands, which, in the assessment list of the town, were entered in common with lands lying without the district ; and that consequently, the rate-bill and warrant were void ; and he prayed the court so to instruct the jury. The court did not give such instruction.

The jury returned a verdict for the defendants ; and the plaintiff moved for a new trial.

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Sanford
*v.*
Dick.

*Dutton* and *Sturges,* in support of the motion, contended, 1. That the rate-bill and warrant were void, because it did not appear from them from what assessment list the committee made the rate-bill. *Stat.* of 1839, *tit.* Schools, *s.* 9. *Starr* v. *Scott,* 8 *Conn. R.* 480. *Hall* v. *Howd,* 10 *Conn. R.* 521. *Cutler* v. *Wadsworth,* 7 *Conn. R.* 6.

2. That notice should have been given, by the society's committee, of the place of their meeting. *Stat. of* 1839. *s.* 10. *and of* 1841. *s.* 39.

3. That the assessment list of the land and house of *James Nichols,* at a less rate than 3 *per cent,* and the addition made to the list of *John Sanford,* rendered the rate-bill made from such assessments, and the warrant, void. *Stat.* 597. *tit.* 107. *c.* 1. *s.* 2. (ed. 1838.) *p.* 616. *c.* 4. *s.* 14. *Stat. of* 1839. *s.* 9, 10. *Thames Manufacturing Company* v. *Lathrop,* 7 *Conn. R.* 550. *Mitchell* v. *Kirtland,* 7 *Conn. R.* 229.

4. That the rate-bill being made from the assessment of 2 acres of the plaintiff's land not assessed in the assessment list of the town, was illegal and void. *Williams* v. *Brace,* 5 *Conn. R.* 190. *Thames Manufacturing Company* v. *Lathrop, ubi sup.* and cases cited *ibid.*

5. That the plaintiff's two acres of land within the district should have been assessed and set in the list *with* the house standing upon it. *Stat.* 597. *tit.* 107. *c.* 1. *s.* 2.

6. That the proceedings of the defendants regarding the tax of *Daniel Conolly,* rendered the rate-bill and warrant void.

7. That it should have appeared from the district assessment list, that the lands embraced in that list, were in the town assessment list, assessed in common with other lands lying without the district. *Starr* v. *Scott,* and *Hall* v. *Howd,* before cited. *Adam* v. *Litchfield,* 10 *Conn, R.* 127.

8. That trespass is the proper form of action. *Williams* v. *Brace,* 5 *Conn. R.* 190.

*Bissell* and *Booth,* contra, contended, 1. That the rate-bill and warrant were not invalid for want of showing that the tax was laid on the proper list. In the first place, they were in precise conformity with the statute. *Stat.* 602. *tit.* 107. *c.* 1. *s.* 14. *Stat.* of 1839. *s.* 9. Secondly, if necessary to be shown, it *does* distinctly appear. The votes of the district are particularly referred to ; their dates are stated ; the purposes for which the tax was laid, are specified ; and the list

of 1839 is sufficiently described, by copying the whole. Thirdly, the duties of the defendants are, in their nature, *judicial.* *Easton* & al. v. *Calender,* 11 *Wend.* 91. 93. 95. If they had jurisdiction, their acts are, therefore, not void for error in their proceedings. And want of jurisdiction must appear on the face of the process. This is more certain than the common process of execution. Fourthly, the defendants, being public officers, are presumed to have done their duty. *Whittlesey* v. *Starr,* 8 *Conn. R.* 134. *Fox* v. *Hoyt,* 12 *Conn. Rep.* 491.

2. That the rate-bill and warrant were not invalid, for want of notice, by the society's committee, of the time and place of their meeting. In the first place, such notice appears sufficiently from their certificate. Secondly, the proper notice, and the only notice required, was given by the district committee. *Stat. of* 1839. *s.* 10.

3. That the proceedings were not invalid, for the mere mistake which intervened in assessing *James Nichols, John Sanford* and *Conolly.* The principle is well settled in *Massachusetts* and *New York,* that the addition or omission of persons or property, through mistake or error of judgment, does not invalidate the tax, as against those who are correctly assessed. *Dillingham* v. *Snow,* 5 *Mass. R.* 547. *Inglee* v. *Bosworth* & al. 5 *Pick.* 498. *Henderson* v. *Brown,* 1 *Caines* 92. *Easton* & al. v. *Calender,* 11 *Wend.* 91.

4. That the assessment of the plaintiff's land in the district, was proper. *Stat.* 597, 8. *tit.* 107. *c.* 1. *sec.* 2. *Stat.* of 1839, *s.* 10. The list of the town purported to embrace all the plaintiff's lands; and this is uncontradicted by his list. The duty of the plaintiff required him to embrace the whole in his list; and the objection is founded on his *fraud* in excluding from his list the land situated in the district. This will not be presumed.

5. That the objection, that it does not appear that lands of non-residents lying in the district, were set in the lists of the town, in common with other lands lying out of the district, is equally unavailing. First, if there was any inequality in this respect, the plaintiff ought to show it; and it could easily be done, by comparing town and district lists, both of which were before the jury. Secondly, the fact does appear, by comparison of the list of *James Nichols,* the only non-resident whose

HARVARD LAW LIBRARY

*Fairfield,*
*June, 1843.*

Sanford
*v.*
Dick.

name and list are given in the extracts annexed to the motion. Thirdly, if they were not entered in the town list, the result is the same, whether the tax is made up from the assessment in the town list, or district list. Fourthly, if the plaintiff's tax was correctly assessed, the proceedings cannot be avoided, upon *his* objection.

CHURCH, J. Several exceptions to the opinions of the judge at the trial, and suggested on this motion, have, very properly, been abandoned here.

The objections now relied upon, we will consider: 1. That the rate-bill under which the defendants *justify,* is void, because it does not appear upon that, on what list of rateable estate the tax in question was laid. We think it does so appear, with all reasonable and convenient certainty. The committee certify, that they have made out the taxes or rate-bill for the specified purposes and amount, as directed by the district, at its meetings on the 3rd day of *October,* 1839, and 25th day of *August,* 1840. By referring to the records of these meetings, open as well to the inspection of this plaintiff, as to all others, it is made certain on what list the tax was laid, *viz.,* the assessment list last perfected. This proceeding was legal.

2. It is objected, that no legal notice was given of the time and place of the meeting of the assessors and society's committee, to perform the duties of a board of relief, as provided by the 10th section of the statute of 1839, entitled, "An Act concerning Schools;" as the only notice given, was, by the district committee, and not by the committee of the school society. We are of opinion, that this was a legal notice. By the section of the law referred to, it is enacted, that the district committee shall give notice of the assessment proposed to be made, and, at the end of fifteen days after the assessment has been made and lodged with the town-clerk, "said assessors and society's committee shall meet in such place in said district as said committee shall designate *in their notice,*" &c. This language is somewhat equivocal; but it seems to refer to a notice before provided for, or to a board or person before empowered to give notice. The only notice provided for, in the former part of the section, is to be given by the district committee, and no other board is directed to give any notice.

*Fairfield,*
June, 1843.

Sanford
*v.*
Dick.

We perceive no reason why a part only of this board of relief, the society's committee, without the assessors, should be required to give the necessary notice of its meeting.    It seems to us, that this whole board would have been, by the law, directed to give the notice of its own meeting, if it was intended, that any part of it should act in this duty.   We believe, therefore, that the committee here spoken of, is the district committee.   And we the more readily adopt this construction, because the entire proceedings prescribed by this section of the statute, are for the exclusive benefit of the school districts ; and as no compensation for services is provided by law, we suppose the legislature intended, that these incidental burdens should be borne by the districts, their officers and agents ; and that in this case, it was the duty of the district committee to ascertain from the board of relief, the time and place of their meeting, and having done so, to give public notice thereof.

3. That the assessors have exercised a power not given to them by law ; that by virtue of the 10th section of the statute before mentioned, the assessors are only empowered to act, in case the real estate of any person is so assessed and entered in the grand list in common with other estate, that no distinct and separate value has been put, by the assessors, upon the estate within the limits of the school district, to distinguish it from that situated out of it ; and that in this case, the plaintiff owned six acres of land lying without the district, and a house and house-lot of two acres within it ; and that the assessors have illegally added two acres, parcel of the six acres, to his list within the district, and assessed it ; and that this tax has been laid upon it.

The facts in the case are, that the plaintiff owned several buildings and two acres of land within the limits of the school district, and six acres beyond them.   He made up his own list as the law required of him, and gave it to the assessors of the town, in which he put down his houses, but said nothing of any house-lot, or of any other land than six acres.   When the assessors were called out, by the district, and were required, by law, to distinguish between the property of the plaintiff lying within the district and that lying out of it, for the purpose of district taxation, they found the two acres of land lying within the district, which the plaintiff calls his house-

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Sanford
*v.*
Dick.

lot, and they assessed it, supposing it to be a part of the six acres set down in the list of the plaintiff. They had a right to suppose this, if they presumed, as they ought, that the plaintiff had given a true list of his estate to the assessors, and that he owned no more than six acres of land. But the plaintiff claims, that by putting his dwelling-house into the list, he necessarily included the house-lot, without naming it. We do not think so. It is true, houses and lots appurtenant, not exceeding two acres, may be assessed together, because one is supposed to affect the value of the other; but yet they are distinct, and should be distinctly designated in the lists given in to the assessors: else, how are the assessors to know which lot is appurtenant to the dwelling-house assessed; especially, in a city or dense village? Or whether such lot contains two acres, or any certain quantity less? And if they do not know, or have no convenient means of ascertaining this, how can they appraise it, unless they consider the quantity of land as immaterial to the value of the house and lot?

It no where appears that the assessors, in their original assessment of the plaintiff's property, knew of this two acres, or that they considered them at all, in their valuation of the dwelling-house. For the reasons before suggested, we presume they did not. If so, the plaintiff has not been injured, by the last assessment. But if he has been, it is the result either of his own negligence, or of his fraud. He cannot now take advantage of his own wrong.

There were some other exceptions taken to the validity of the rate-bill, and the proceedings of the board of relief; such as that the list, upon which this rate-bill was made, included land of *Daniel Conolly*, which lay entirely without the district; and because the real estate of *James Nichols* was set in said list at a less rate than 3 *per cent;* and that land was improperly added to the list of *John Sanford*, &c.

These objections all proceed upon the ground, that although the legal officers engaged in the levying of taxes, confine themselves within the limits of their jurisdiction; yet the taxes laid are all void, if omissions or mistakes have intervened in the course of their proceedings. This principle is inadmissible, and if recognized, would make void all the taxes in the state. If *Conolly* and *Sanford* were, for any cause, assessed too much, the law had provided for them a remedy, by an

appeal to the board of relief.    But they have not complained ;
and why should the plaintiff complain for them ?    If *James*
*Nichols* was assessed too low, it would not affect the legality of the general list, more than if he had been omitted altogether ; and if even this had been done, and was the result of mistake only, it would not have rendered the rate-bill, or the tax laid upon it, void.    *Dillingham* v. *Snow*, 5 *Mass. R.* 547. *Henderson* v. *Brown*, 1 *Caines* 90.    *Griffin* v. *Mitchell*, 2 *Cowen* 548.    *Colvin* v. *Luther*, 9 *Cowen* 61. 64.    *Easton* v. *Callender*, 11 *Wend.* 90.    *Inglee* v. *Bosworth*, 5 *Pick.* 498.

If the proceedings were not void, neither of the defendants were trespassers.

We do not, therefore, advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.